UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>25-CR-20500-GAYLES/SHAW-WILDER-3</u>

UNITED STATES OF AMERICA

    v.

NADEGE LEBLANC,

    **Defendant.**
_____/

## UNOPPOSED MOTION FOR A PROTECTIVE ORDER AUTHORIZING AND REGULATING DISCLOSURE OF <u>SENSITIVE INFORMATION IN DISCOVERY</u>

The United States hereby moves this Court for a Protective Order authorizing and regulating disclosure of sensitive information to the defendant, Nadege Leblanc ("Leblanc"), and her counsel regarding sensitive information in discovery; stating as follows:

On November 19, 2025, a federal grand jury in the Southern District of Florida issued an Indictment that charged defendant Leblanc with one count of Conspiracy to Make and Receive Straw Donor Contributions, a violation of 52 U.S.C. § 30122 (Count 12); one count of Making and Receiving Straw Donor Contributions, a violation of 52 U.S.C. § 30122 (Count 13).  (ECF No. 1).

The defendant made her initial appearance on November 19, 2025.  (ECF No. 10).  Co-defendant David Kofi Spencer was arraigned on the Indictment on November 19, 2025, and the Standing Discovery Order was entered at that same appearance.  (ECF Nos. 12, 13).  Leblanc and co-defendant Edwin Cherfilus are scheduled for arraignment on December 5, 2025 (ECF Nos. 6, 10).  Co-defendant Sheila Cherfilus-McCormick is scheduled for arraignment on December 29, 2025. (ECF No. 25). The

Government expects the Standing Discovery Order to be entered as to Leblanc and the remaining the co-defendants when they are arraigned.

The Government will provide substantial discovery in satisfaction of the Standing Discovery Orders. This discovery includes sensitive information, such as bank account, business, and employment records that contain personal identification information ("PII") of other individuals, including their names, dates of birth, social security numbers, and other types of identifying and personal information of the defendants and potential witnesses of the illegal activity charged.[1]

The discovery material described above, which the Government seeks to provide to all defendants, is voluminous (comprised of approximately 432,000 documents). Given the volume of Sensitive Information in this discovery that the Government will be providing to the defendants, it is not practicable for the United States to redact it. Rather, it is far more practical to use the proposed Protective Order to facilitate both the timely production of discovery and the protection of the privacy of any defendant or third parties whose PII will be included in that discovery.

Accordingly, in order to ensure the protection of the Sensitive Information and to avoid the disclosure of this information to other individuals, the United States respectfully requests that the Court enter a Protective Order regulating disclosure as set out in the proposed Protective Order filed with this motion.

---

[1] The Government is also seeking to disclose in this matter documentary material constituting "tax return," "return information," or "taxpayer return information," as those terms are defined in 26 U.S.C. §§6103(b)(1), (2) and (3). However, tax information that the Government obtained under 26 U.S.C. § 6103 cannot be provided without a Court order. Under 26 U.S.C. § 6103(i)(4), which relates to disclosures in federal judicial proceedings involving non-tax criminal violations, the United States is authorized to disclose to another party tax returns and return information. Specifically, § 6103(i)(4)(A)(ii) authorizes disclosures "to the extent required by order of a court pursuant to section 3500 of Title 18, United States Code, or Rule 16 of the Federal Rules of Criminal Procedure." Consequently, the Government seeks to disclose these materials only to the defendants involved in the tax counts (Counts 14-17): Sheila Cherfilus-McCormick and David Kofi Spencer.

**ANALYSIS AND MEMORANDUM OF LAW**

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).   *See also United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery").  In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions.

Here, the United States does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires.  *See, e.g*, *United States v. Fischel*, 686 F.2d1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited . . . [and] Rule 16 . . . makes no provision for the production of the names and addresses of witnesses").  Instead, the United States only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's personal identifying information.  The proposed Protective Order, attached as an exhibit hereto, would have no effect on the defendants's ability to prepare her defense and would protect only the personal identifying information of the individuals whose PII and tax information might be included within that discovery.

It is appropriate for any protective order to remind the parties that the purpose of discovery is trial preparation, and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi,* No. 97 CR 1215(DC), 1998 WL 226196, at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring the government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case");  *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process

3

because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

## POSITION OF DEFENSE COUNSEL

Pursuant to Local Rule 88.9(a), the undersigned AUSA has consulted with defense counsel, Marcos Beaton, Jr., Esq., and he has no objection to the motion and the entry of the Protective Order sought by the Government.

## CONCLUSION

WHEREFORE, the United States respectfully requests the entry of the proposed Protective Order governing the production of discovery to allow the provision of Sensitive Information described herein to the defendant, without the need for redaction of PII pursuant to the Protective Order. A proposed Protective Order granting the Government's motion is attached hereto as required by the Local Rules.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   /s/ Alejandra L. López
Alejandra L. López
Assistant United States Attorney
Florida Bar #37132
U.S. Attorney's Office - SDFL
99 NE 4th Street
Miami, Florida 33132-2111
Telephone: (305) 961-9241
E-mail: alejandra.lopez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 3, 2025, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF, and which caused the same to be served on Marcos Beaton, Jr., Esq. (counsel for Nadege Leblanc).

*/s/ Alejandra L. López*
Alejandra L. López
Assistant United States Attorney